**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000084**
**06-JUN-2024**
**07:50 AM**
**Dkt. 89 SO**

NO. CAAP-20-0000084

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ROXANNE K. LANE, Claimant-Appellant-Appellant, v.
AVIS BUDGET GROUP, INC., Employer-Appellee-Appellee,
and
FIRMS CLAIMS SERVICES, Insurance Adjuster-Appellee-Appellee


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2017-06; DCD NO. 2-14-48809)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and Nakasone, JJ.)

Claimant-Appellant-Appellant Roxanne K. Lane (**Lane** or **Claimant**) appeals from: (1) the November 26, 2019 Decision and Order (**November 26, 2019 Order**) issued by the Department of Labor and Industrial Relations Appeals Board (**LIRAB** or **Board**), in favor of Employer-Appellee-Appellee Avis Budget Group, Inc. (**Avis**) and Insurance Adjuster-Appellee-Appellee Firms Claims Services; and (2) from the Board's January 22, 2020 Order Denying Motion for Reconsideration (**Order Denying Reconsideration**).

Lane raises two points of error on appeal, contending that the LIRAB erred by: (1) failing to properly apply the

presumption of compensability under Hawaii Revised Statutes (**HRS**) § 386-85(1) (2015);[1] and (2) denying Lane's Motion for Reconsideration.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Lane's points of error as follows:

(1) The central issue in this appeal is whether Avis met its burden and presented substantial evidence to overcome the statutory presumption in favor of compensability for an injury to Lane's nose. More specifically at issue here is whether the Board's FOFs and COLs are supported by substantial evidence, and not clearly erroneous in light of the evidence adduced, as well as whether this evidence satisfies Avis's burden.

Substantial evidence "signifies a high quantum of evidence which, at the minimum, must be relevant and credible evidence of a quality and quantity sufficient to justify a conclusion by a reasonable person[.]" Yadao v. Dep't of Land and Nat. Res., 137 Hawai'i 162, 173, 366 P.3d 1041, 1052 (App. 2016) (brackets and internal quotation marks omitted) (quoting Nakamura v. State, 98 Hawai'i 263, 267-68, 47 P.3d 730, 734-35 (2002)). "The [Hawai'i Supreme Court] has recognized that the high burden placed on the employer is consistent with the purpose of the workers' compensation law." Id. (citing Van Ness v. Dep't of Educ., 131 Hawai'i 545, 558, 319 P.3d 464, 477 (2014)).

---

[1] In conjunction with this point of error, Lane challenges Findings of Fact (**FOFs**) 7-12, 14-17, 19, and 20, the Board's analysis, Conclusion of Law (**COL**) 4, and Order 3.

"Furthermore, the supreme court has recognized that 'generalized' medical testimony concerning the cause of an injury is insufficient to rebut the presumption of compensability."  Id. at 174, 366 P.3d at 1053 (citing Nakamura, 98 Hawaiʻi at 268, 47 P.3d at 735; Akamine v. Hawaiian Packing & Crating Co., 53 Haw. 406, 410-12, 495 P.2d 1164, 1167-68 (1972)).

Here, the challenged FOFs, COL, analysis, and Order were supported by medical reports by Dr. Leonard N. Cupo (**Dr. Cupo**) and Dr. Vern K. Sasaki (**Dr. Sasaki**), whose reports are clearly relevant.  The Board found both doctors to be credible. We conclude that the quantity and the quality of the reports are sufficient to meet the high burden placed on Avis, as the employer here, to overcome the strong presumption of compensability in favor of Lane with respect to her assertion that she broke her nose in the October 26, 2014 work place accident.

Dr. Cupo examined Claimant on January 13, 2015, reviewed her previous medical history, and completed his report on February 28, 2015.  Dr. Cupo stated, in part:

> In closing, [Lane] has a nasal fracture, which was diagnosed at Kapiolani Medical Center for Women and Children Emergency Room on 11/2/14 by Dr. Tom.  [Lane] has attributed the fracture of the nasal bone to the motor vehicle accident of 10/26/14.  It is my medical opinion that the fracture of the nasal bone bears no relationship to and was not caused, aggravated, or accelerated by the motor vehicle accident of 10/26/14.  I base this on the fact that <u>when [Lane] was evaluated at Pali Momi Medical Center Emergency Room [(**Pali Momi**)]on the date of the motor vehicle accident of 10/26/14, she did not complain of nasal pain or demonstrate an abnormality on physical examination of the nose, such as edema, ecchymosis, or tenderness.</u>  **If [Lane] had sustained trauma resulting in a nasal fracture at the time of the motor vehicle accident of 10/26/14, she would have been acutely and markedly symptomatic when she was initially evaluated the same day** at Pali Momi Medical Center Emergency Room by Ms. Della and Dr. Nguyen.  I base this on the fact that Dr. Chan did not record a diagnosis related to the

> employee's nose in the Physician Work Activity Status Report of 10/27/14.

(Emphasis added).

Dr. Sasaki examined Lane on July 6, 2017, reviewed her previous medical history, and published a report on his findings dated October 16, 2017. At the time of her examination, Claimant complained of nasal pain, obstruction, and increased sinus pressure. Dr. Sasaki concluded, in part:

> DIAGNOSTIC IMPRESSION:
>
> NASAL FRACTURE.
>
> FINDINGS AND RECOMMENDATIONS:
>
> 1. *The diagnoses, etiology and prognosis of Claimant's current nose injury.*
>
>    The diagnosis is noted in the Diagnostic Impression section above. Based on the history, physical examination, and review of medical records, clinical findings of a nasal fracture were first apparent at a visit to Pali Momi Medical Center - Emergency Room on 11/02/14, approximately one week post injury. The medical examinations on 10/26/14, 10/27/14, and 10/29/14 by the Pali Momi Medical Center - Emergency Room, Concentra Medical Centers, and Jack Hsieh, M.D., respectively, did not reveal any findings of a nasal fracture or complaints of nose pain or swelling. The medical examination by Dr. Hsieh revealed a normal nose examination. Therefore, the nasal fracture occurred sometime after 10/29/14 and before 11/02/14 when her nasal fracture was diagnosed in the Emergency Room.
>
>    <u>One would expect clinical findings of bruising, swelling, or epistaxis (bloody nose) if there was a history of acute trauma related to a nasal fracture.</u> **<u>The force required to cause a nasal fracture would be a significant amount of force with clinical symptoms apparent almost immediately</u>**. These clinical symptoms were absent on the day of the injury and a few days following the injury, which supports my opinion that the injury occurred sometime after the date of injury and before 11/02/14 when the nasal fracture was first diagnosed.

(Emphasis added).

In short, Dr. Cupo opined that, if Lane's nose was broken in the workplace accident, she would have been "acutely and markedly" symptomatic when she got to Pali Momi. Dr. Sasaki

also opined that the force necessary to cause a broken nose would cause apparent clinical symptoms almost immediately. Lane did not complain to Pali Momi doctors' staff about nasal pain, and examination did not reveal fracture, pain, swelling or bruising. Both doctors opined that in their medical opinions, the injury to Lane's nose occurred after the date of the workplace injury.

We conclude that the LIRAB did not clearly err in crediting the doctors' opinions, which specifically, directly, and expressly address the presumption that Lane injured her nose in the October 26, 2014 workplace accident. Accordingly, we further conclude that the LIRAB did not err or abuse its discretion in entering the November 26, 2019 Order.

(2) Lane challenges the LIRAB's January 22, 2020 Order Denying Reconsideration, but makes no argument in support of this point of error. This argument is deemed waived. See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7).

Moreover, "it has been consistently held that rehearings before administrative bodies are addressed to their own discretion, and only a showing of the clearest abuse of discretion could sustain an exception to that rule." Yadao, 137 Hawaiʻi at 171, 366 P.3d at 1050 (citation and brackets omitted).

For these reasons, the LIRAB's November 26, 2019 Order and the January 22, 2020 Order Denying Reconsideration are affirmed.

DATED: Honolulu, Hawaiʻi, June 6, 2024.

On the briefs:

Michael J.Y. Wong,
for Claimant-Appellant-
 Appellant.

Leighton K. Oshima,
Darlene Y.F. Itomura,
for Employer-Appellee-
 Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge